FILED

IN THE UNITED STATES DISTRICT COURT  15 JUL 15 PM 2:28
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION         CLERK US DISTRICT COURT
                        WESTERN DISTRICT OF TEXAS

                        BY _____ 9
                                DEPUTY

LERRION DONNELL JONES,
                        Movant,

-vs-                                    Case No.  A-15-CA-20-SS
                                        [No. A-13-CR-467(1)-SS]

UNITED STATES OF AMERICA,
                        Respondent.

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Lerrion Donnell Jones's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#38] and Respondent United States of America (the Government)'s Response [#41] thereto.  Having considered the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

On October 15, 2013, Movant Lerrion Donnell Jones was charged in a one-count indictment with possession with intent to distribute cocaine base ("crack" cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  On December 10, 2013, Jones entered a plea of guilty to count one of the indictment pursuant to a plea agreement, in which Jones and the Government stipulated, pursuant to Rule 11(c)(1)(C), that Jones's term of imprisonment would not exceed 180 months.  The plea agreement contains a written factual basis for the plea, which includes a statement of Jones's agreement "that the government's evidence would prove the following": On August 27, 2013, after receiving a complaint of drug activity at a particular

address, officers observed Jones pull up to the address in his vehicle and engage in conduct consistent with drug activity. Resp. [#41-1] (Plea Agreement) at 6. The officers followed Jones as he drove away from the address, and witnessed Jones commit several traffic violations. *Id.* The officers stopped Jones, who seemed nervous during the stop, and placed him under arrest for the traffic violations. *Id.* In a search incident to arrest, the officers found in Jones's possession $3,918 in cash and bags containing both powder and crack cocaine. *Id.*

In his plea agreement, Jones waived his right to collaterally attack his conviction and sentence, including via a proceeding under 28 U.S.C. § 2255, with the exception of claims based on ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 3. Further, Jones acknowledged in his plea agreement he was waiving his rights to "raise a number of issues and challenges by pretrial motion, including motions to suppress evidence and to dismiss the charges against him." *Id.* On February 21, 2014, having accepted Jones's guilty plea, this Court sentenced Jones to a 180-month term of imprisonment, followed by a five-year term of supervised release, and ordered Jones to pay a $100 mandatory assessment fee. The instant § 2255 petition followed.

## Analysis

### I.   Section 2255—Legal Standard

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be

used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II.     Application

Jones's petition raises the following grounds for relief: (1) he received ineffective assistance of counsel because his attorney failed to investigate the nature of Jones's stop and search and "convinced [Jones] to enter into a plea agreement where the government would not have been able to prove its case"; and (2) his Fourth Amendment rights were violated because he was stopped and searched by police without probable cause. The Government contends Jones is not entitled to any of the relief he seeks because (1) he waived his right to collaterally attack his conviction and sentence and (2) his claims fail on their merits. The Court addresses the Government's contentions in turn.

## A.     Waiver

The Government argues Jones is procedurally barred from collaterally attacking his conviction pursuant to the waiver in his plea agreement because Jones knowingly and voluntarily waived his right to challenge his conviction through a § 2255 motion. Additionally, the Government claims although the plea agreement specifically reserved Jones's right to collaterally raise an ineffective assistance claim, Jones's ineffective assistance claim is in actuality a Fourth Amendment

-3-

claim, and thus improperly brought.  Resp. [#41] at 5–6.  The Court finds while Jones waived his

Fourth Amendment claim, he did not waive his ineffective assistance claim.

"[A]n informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be

enforced."  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).  Such a waiver, however, may

not be enforced against a § 2255 petitioner "who claims that ineffective assistance of counsel

rendered *that waiver* unknowing or involuntary."  *Id.* at 341.  Here, Jones waived his right to

challenge his conviction on any grounds other than ineffective assistance of counsel,[1] and Jones does

not argue ineffective assistance rendered the § 2255 waiver contained in his plea agreement

unknowing or involuntary.  Moreover, Jones's guilty plea "eliminate[d his] objections to searches

and seizures that violate the Fourth Amendment."  *United States v. Cothran*, 302 F.3d 279, 286 (5th

Cir. 2002).  Accordingly, Jones waived his claim to relief on grounds his Fourth Amendment rights

were violated during the traffic stop.  That claim may not proceed.

Jones's ineffective assistance claim, however, is not procedurally barred.  Despite the

language in Jones's plea agreement indicating Jones "does not waive his right to raise a challenge

based on ineffective assistance of counsel," the Government contends Jones is nevertheless barred

from raising his ineffective assistance claim because it is, in reality, a Fourth Amendment challenge.

Resp. [#41] at 5.  In support of this argument, the Government cites *United States v. White*; that case,

however, did not involve a plea agreement where the petitioner specifically retained his right to raise

an ineffective assistance claim.  *See White*, 307 F.3d at 338 (petitioner waived right to bring § 2255

challenge on all grounds save (1) a sentence greater than the statutory maximum, (2) an upward

departure from the applicable guideline range, and (3) the disparate treatment of cocaine and crack

---

[1] Prosecutorial misconduct is not at issue.

-4-

cocaine in the relevant criminal statute). Rather, the question in *White* was whether an ineffective assistance claim survived a valid *blanket* waiver of the right to collaterally attack the petitioner's conviction and sentence. Within that framework, the *White* court held only those ineffective assistance claims relating to validity of the waiver or the plea survived. *See id.* at 343–44. Here, Jones did not execute a blanket waiver of his right to raise a collateral attack; he specifically reserved the right to raise collateral ineffective assistance claims. *White* is inapplicable.

The Court agrees with the Government that "'[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack merely by challenging the attorney's failure to achieve the desired result.'" Resp. [#41] at 6 (quoting *White*, 307 F.3d at 344). However, when the Government executed a plea agreement specifically stating ineffective assistance claims are not waived, it made that bed for itself. Under the terms of his plea agreement, Jones is free to raise his ineffective assistance claim.[2]

## B.    Ineffective Assistance of Counsel

Turning to Jones's ineffective assistance claim, the Government argues it must fail because Jones provides nothing in support of his claim save his own unsupported assertions which contradict his sworn testimony during his plea hearing. The Court agrees.

To be successful in a claim of ineffective assistance of counsel in regard to a guilty plea, a defendant must show not only that his counsel's performance was deficient, but also that the deficient conduct prejudiced him. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985) (applying *Strickland v. Washington*, 466 U.S. 668 (1984)). In the context of a guilty plea, prejudice occurs if there is a

---

[2] Plea agreements are frequently worded to avoid this result by limiting the permissible ineffective assistance claims to those which affect the validity of the waiver. *See, e.g., Cruz v. United States*, Civil Action No. 4:11cv304, 2011 WL 6955721, at *1 (E.D. Tex. June 15, 2011) (plea agreement contains waiver provision reserving right to appeal "a claim of ineffective assistance of counsel that affects the validity of this waiver itself").

reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *Id.* at 58–59. Further, where counsel's failure to litigate a Fourth Amendment issue is the foundation of the ineffectiveness claim, in order to demonstrate prejudice, the defendant must also prove his Fourth Amendment claim is meritorious and there is a reasonable probability the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

According to Jones, his attorney "convinced an innocent man to enter a plea of guilty when the government had no evidence to convict [Jones] had he proceeded to trial" by stating if Jones went to trial, "it would make the Judge angry, and if found guilty by the jury the judge would sentence [Jones] to 240 months." Mot. Vacate [#38] at 15. Jones argues "counsel's deficient performance" in allegedly failing to investigate the case "caused [Jones] to be unlawfully imprisoned for a crime he did not commit[]." *Id.* at 16. Jones's claims of innocence, however, are contradicted by his sworn statements during the plea colloquy. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, a reviewing court may "give great weight to the defendant's statements at the plea colloquy." *Cothran*, 302 F.3d at 283–84.

During the plea colloquy, Jones's attorney read a summary of Jones's plea agreement into the record, noting the plea agreement incorporated the written factual basis summarized above. *See* Resp. [#41-2] Ex. B (Plea Hr'g Tr.) at 8:17–11:3. With respect to the factual basis, the Court specifically inquired:

> THE COURT:   Do each of you men recall, first, Mr. Jones, . . . going over that factual basis carefully with your lawyer before you signed your plea agreement?
>
> DEFENDANT JONES:        Yes, your Honor.        [. . .]

THE COURT:  But now I'm asking you under oath.  Are those facts as set out in your plea agreement accurate?

DEFENDANT JONES:      Yes, your Honor.      [. . .]

THE COURT:  To the extent that those facts described your behavior, that is, what you did wrong in your case, are they true?

DEFENDANT JONES:      Yes, your Honor.

*Id.* at 32:19–33:12. Jones thus swore the factual basis as set forth in his plea agreement was true and correct, directly contradicting his claim of innocence. Jones further swore he was "pleading guilty freely and voluntarily," and no one had "forced or threatened [him] in any way to get [him] to plead guilty[.]" *Id.* at 31:9–17. Jones confirmed he was "pleading guilty . . . because [he was] guilty and for no other reason[.]" *Id.* at 32:9–13. Jones's prior statements made under oath during his plea colloquy contradict his argument he is entitled to § 2255 relief. *See Acosta v. United States*, No. SA-09-CA-338, 2010 WL 519706, at *4 (W.D. Tex. Feb. 9, 2010) (finding conflict between sworn statements during plea colloquy and claim of innocence precluded petitioner's failure-to-investigate ineffective assistance claim).

Further, Jones has provided no sworn affidavit or other evidence supporting the merits of his Fourth Amendment claim. By swearing to the veracity of the factual basis contained in his plea agreement, Jones admitted under oath that he committed traffic violations while the officers were following him, that he was pulled over and arrested for those violations,[3] and that the officers searched him incident to the arrest, locating the drugs and drug money in Jones's pant pockets while patting him down. A search incident to arrest following an arrest for traffic violations does not

---

[3] *See* TEX. TRANSP. CODE § 543.001 ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle.").

offend the Fourth Amendment. *See, e.g.*, *White v. Garcia*, 117 F. App'x 912, 913 (5th Cir. 2004) (per curiam) (unpublished). Attempting to make out a Fourth Amendment claim, Jones provides nothing more than an unsworn, unsupported "statement of facts" claiming he "know[s]" he did not commit any traffic violations, and the officers therefore had no probable cause to arrest him.[4] *See* Mot. Vacate [#38-1] (Statement of Facts) at 1–3. Jones's bare assertions are not enough to overcome his sworn statements during his plea hearing. The Court concludes Jones is not entitled to § 2255 relief.

## Conclusion

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

---

[4] Jones also attaches an undated, unsigned, and apparently incomplete document titled "Review of Video—Purcell" that appears to be someone's notes, taken in a word-processing program, while watching a video recording of the traffic stop. *See* Mot. Vacate [#38-1] pp. 5–7. As this document is unattributed, incomplete, and apparently homemade, the Court declines to consider it.

In this case, reasonable jurists could not debate the denial of Jones's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Movant Lerrion Donnell Jones's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [#38] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the _15_ day of July 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE